LINDA M. DEOLA
REYNOLDS, MOTL AND SHERWOOD, P.L.L.P.
401 North Last Chance Gulch
Helena, Montana 59601
(406) 442-3261 phone
(406) 443-7294 facsimile
ldeola@rmslaw.net

*Attorney for the Plaintiff*

NANCY SWEENEY
CLERK DISTRICT COURT

2009 OCT -6 AM 11: 12

FILED
BY
Deputy

MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

| BARBARA K. SWEHLA, | Cause No. ADV 2009-926 |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT** |
| STATE OF MONTANA, DEPARTMENT OF LABOR AND INDUSTRY, PATRICIA BIK and MARGUERITE A. CONNOR, as individuals, | |
| Defendants. | |

For her Complaint against the above-named Defendants, Plaintiff Barbara K. Swehla states and alleges as follows:

## I. JURISDICTION AND VENUE

1. Plaintiff (Swehla) was employed by the State of Montana, Department of Labor and Industry as the Executive Director for the Montana State Board of Nursing beginning December 20, 2006 through April 22, 2009.

2. Defendant Department of Labor and Industry ("DOL"), is an executive agency, department or instrumentality of Montana State government.



3. Defendant Marguerite A. Connor was at all relevant times, Bureau Chief and Swehla's supervisor.

4. Defendant Patricia Bik was at all relevant times, Legal Counsel for DOL, Business Standards Division.

5. Venue for this action is properly set in Lewis and Clark County.

6. This action is also brought pursuant to 42 U.S.C. § 1983 in that the named individual Defendants, acting under color of state law, deprived Plaintiff of rights, privileges and immunities guaranteed to them by the U.S. and Montana Constitutions and laws of the State of Montana.

7. The parties have agreed that all administrative remedies have been exhausted.

## II. PARTIES

8. Plaintiff (Swehla) was employed by the State of Montana, Department of Labor and Industry as the Executive Director for the Montana State Board of Nursing beginning December 20, 2006 through April 22, 2009.

9. Defendant DOL, an agent of the government of the State of Montana, pursuant to §2-15-211, MCA is designated as the Department that the Board of Nursing is allocated to. Such allocation is for administrative purposes only.

10. Defendant Marguerite A. Connor (Conner) was at all relevant times, Bureau Chief of the Board of Standards Division and Swehla's supervisor.

11. Defendant Patricia Bik (Bik) is an attorney that was employed by the DOL Board of Standards Division.

### III. FACTUAL ALLEGATIONS

12. Plaintiff is a Registered Nurse and holds a Master's Degree in Nursing. She was hired by the DOL pursuant to statute §2-15-211, MCA as the Executive Director of the State Board of Nursing on December 20, 2006.

13. Pursuant to §§2-15-211 and 37-8-204, MCA, the DOL is required to hire an Executive Director to provide services to the Board of Nursing, in connection with the Board's duties.

14. The DOL is required by statute to hire an Executive Director for the Board of Nursing, but §2-15-211, MCA specifically provides that the Board of Nursing shall exercise its quasi judicial and legislative functions as well as licensing and policy-making functions, independently of the DOL and without approval or control by the DOL.

15. The Executive Director position for the Board of Nursing is defined by statute at §37-8-204, MCA. The statutory job description specifically provides that the Executive Director shall provide administrative services to the Board of Nursing and not to the DOL. Although Swehla was hired by the DOL pursuant to §37-8-204, MCA and §2-15-211, MCA demands that the Board be granted the authority to conduct its statutory responsibilities without interference, approval or control by DOL; the DOL consistently and repeatedly interfered with Swehla's ability to meet the statutory requirements of her position.

16. The DOL interfered with the statutory mandate by disregarding Board decisions, rules, policies and regulations. The DOL demanded that Swehla likewise disregard various decisions, rules, policies and regulations in favor of the DOL's opinions, interpretations and applications on matters relegated to the Board of Nursing.

17. All of Swehla's efforts to abide by her statutory responsibility to the Board were met with interference by the DOL and specifically used as the basis for her wrongful termination. DOL repeatedly told Swehla that as an employee of DOL she was required to abide by DOL's positions and actions, even if such actions were contrary to the Board of Nursing's policies and procedures and in disregard of the fact that the DOL was prohibited under statute §2-15-121, MCA from asserting control or approval over the Board of Nursing's statutory functions.

18. As a result of the DOL's disregard of the statutory prohibition against interfering and asserting control over the Board of Nursing's statutory mandate, Swehla was placed in the position of either complying with DOL's decisions or disregarding Board rules and her statutory mandate. If she did not accept the DOL's position, her employment was placed at risk in violation of her constitutional rights.

19. Swehla's statutory mandate included in part that she assist the Board of Nursing in protecting the public by assuring that licensing, discipline and nursing education processes were implemented properly in accordance with any applicable statutes, Board's decisions, policies rules and regulations.

20. In 2008 the DOL, specifically Bik, acting outside of the scope of her authority, approved LPN licensure of individuals with military education despite the fact that the Board had previously declared that such approval was inconsistent with statutes and rules for licensure. When Swehla questioned Bik's instructions to the licensing staff, Swehla was accused of failing to act as a DOL team member. Further she was accused of not abiding by the DOL's goal of ensuring employment of nurses, even if such persons lacked the necessary requirements for licensure as set out by statute and Board rules.

21. Despite the statutory descriptions and mandates set forth above, the DOL made numerous efforts to assert control over the Executive Director's position and the manner in which the Board of Nursing worked with the Executive Director. Although Swehla was required to assist the Board under statute, the DOL during August of 2008 until Swehla's wrongful termination, interfered and asserted control over the Board, through Swehla for example, by instructing Swehla to not attend Board of Nursing meetings.

22. The DOL made demands of Swehla through her midterm performance review by requiring her to use her position as the Executive Director to assert and insert the DOL's agenda as opposed to assisting the Board. Further Swehla was advised by DOL that she could be disciplined including termination cause if she would not abide by the DOL's attempts to assert control over the Board of Nursing.

23. Swehla objected directly to the efforts by Bik and Connor to control the Board of Nursing and DOL's efforts to require her to perform her job contrary to statute. As a result, Swehla was subjected to retaliation and disciplinary actions because she would not agree to violate statutes, Board policies and decisions as well as rules and regulations promulgated by the Board of Nursing.

24. On February 27, 2009, Connor disciplined Swehla by issuing a Last Chance Letter of Warning based upon a private conversation, with a member of the Board of Nursing in January of 2009 that was audiotaped without either participant's knowledge or agreement.

25. On March 24, 2009, Connor presented an Action Plan containing directives regarding Swehla's position. These directives, in part, were a culmination of Connor's, Bik's and the DOL's efforts to interfere and control the statutory mandates relating to Swehla's position as well as DOL's role with respect to the Board of Nursing, as described herein. The

Action Plan established Swehla's continued employment contingent upon acceptance of the DOL's continued interference with the Board of Nursing's mandate as well as Swehla's statutory and regulatory job requirements. Specifically, the "action plan" required Swehla to ". . . exhibit the values and vision of the Department of Labor and Industry [and]. . .commit to and support Division and Department goals and objectives."

26. Although Swehla was to provide assistance to the Board, and the DOL was prohibited by statute from interfering or attempting to assert control over the Board, Swehla was required to act in disregard of those prohibitions in exchange for continued employment.

27. The DOL's goals and objectives included approval of Advanced Practice Registered Nurse (APRN) licensure for individuals who did not meet the minimum training requirements for such a designation. APRNs are registered nurses who have completed an advanced educational program with certification from a nationally recognized certifying board approved by the State Board of Nursing.

28. APRNs must have qualifying education specific to their specialties, such as Family Nurse Practitioners (FNP) and Acute Care Nurse Practitioners (ACNP), and must pass the specialty's certifying examination. A Pediatric Nurse Practitioner (PNP) cannot work with the geriatric population. Likewise, an FNP cannot work as an ACNP.

29. During the relevant time period, non-qualified APRNs were approved to practice in areas in which they were not properly trained or certified by Bik and Connor. These approvals were made without Board of Nursing involvement despite the fact that the statutory mandates that Swehla, as the Executive Director shall "(1). . . provide services to the board in connections with the <u>board's</u> duties is of. . .(c) reviewing qualifications for licensure . . ." (emphasis added).

30. Swehla repeatedly advised Bik and/or Connor that decisions relating to APRN licensure were matters for the Board to review. In January of 2009, the Board of Nursing re-affirmed that only the Board was to review APRN change of practice applications. Despite the Board's directive, Bik and Connor required Swehla to approve requests for change of practice site for several FNPs wanting to work as hospitalists despite the fact that the education or certification of the applicants was incongruent with rules and statues.

31. Swehla was legitimately concerned about the public safety associated with approval of LPNs to practice practical nursing without requisite education as defined by statute. Additionally Swehla, was legitimately concerned about the public safety associated with approval of APRNs practicing in a specialty in which they were not properly trained certified without Board approval or involvement. In conjunction with her role as the Executive Director, Swehla proposed that these matters be brought before the Board during the April 22, 2009 meeting.

32. Swehla performed approximately 60 hours of research on the issues associated with licensing of APRNs and on March 31, 2009, met with Bik and Connor along with Kathy Hayden, the Board President, to approve the placement of the APRN issued on the April 22nd Board meeting agenda.

33. Just prior to the April 22, 2009 Board meeting, Swehla advised Bik and Connor that she had received approximately 5-6 requests for change of practice requests from FNPs to practice in Hospitals. Swehla was told by Bik and Connor to approve of those requests without prior Board knowledge or approval.

34. On April 22, 2009, during the Board meeting and just prior to the start of the APRN Committee meeting Swehla was terminated.

35. Although Connor and Bik had approved of the APRN agenda item described herein, Swehla was terminated for "taking it upon [herself] to put it on the Board agenda." The inclusion of the APRN issue on the Board was the "cause" giving rise to Swehla's termination as the inclusion on the Board Agenda of this item was deemed indicative of not working effectively and productively in teams and partnerships.

## IV.  FIRST CLAIM FOR RELIEF

Plaintiff realleges and incorporates by reference Paragraphs 1-35 as though fully set forth herein.

36. The foregoing actions violated Plaintiff's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and rights under Article II, section 3 of the Montana Constitution. Such violations have caused the Plaintiff damage articulated herein.

## V.  SECOND CLAIM FOR RELIEF

Plaintiff realleges and incorporates by reference Paragraphs 1-36 as though fully set forth herein.

37. The foregoing actions by Defendant State of Montana constitute wrongful discharge from employment in violation of the Montana Wrongful Discharge from Employment Act (WDEA) §39-2-901, *et seq.*, MCA.

38. Plaintiff is entitled to damages against the Defendant State of Montana as provided for under the WDEA, §39-2-901, *et seq.*, MCA.

## VI.  THIRD CLAIM FOR RELIEF

Plaintiff realleges and incorporates by reference Paragraphs 1-38 as though fully set forth herein.

39. The foregoing actions by Defendants Bik and Connor, as individuals, acting beyond the scope of their employment, violated the Plaintiff's rights protected by the Fourteenth Amendment to the United States Constitution and Article II, section 3 of the Montana constitution and/or rights of the Plaintiff created by statute. Said actions were proximately caused by Bik and/or Connor's conduct acting under color of state law, beyond the scope of their employment in that Defendants Bik and Connor as individuals, retaliated against the Plaintiff and conditioned her continued employment upon Plaintiff's acquiescence and acceptance of performing her employment duties in violation of public policy and the laws of the State of Montana, causing Plaintiff damage.

### VII. FOURTH CLAIM FOR RELIEF

Plaintiff realleges and incorporates by reference Paragraphs 1-39 as though fully set forth herein.

40. Defendants Bik and Connor's conduct as described herein violated 42 U.S.C. § 1983.

41. Plaintiff is entitled to damages and reasonable attorney fees under 42 U.S.C. § 1988.

42. Plaintiff is entitled to punitive damages under 42 U.S.C. § 1988.


WHEREFORE, Plaintiff requests the following relief:

1. For all damages pursuant to §39-2-905, MCA, in an amount to be determined at trial;

2. For all damages resulting from the Defendants Connor and Bik's violation of 42 U.S.C. § 1983.

3.  For reasonable attorney fees and costs under 42 U.S.C § 1988.

4.  For punitive damages under 42 U.S.C § 1988; and

5.  For such other relief as may be appropriate.

Dated this 5th day of October, 2009.

REYNOLDS, MOTL AND SHERWOOD, P.L.L.P.

BY: _____
Linda M. Deola
*Attorney for Plaintiffs*

MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

| | |
|---|---|
| BARBARA K. SWEHLA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MONTANA, DEPARTMENT OF LABOR AND INDUSTRY, PATRICIA BIK and MARGUERITE A. CONNOR, as individuals,<br><br>Defendants. | Cause No. ADV 2009-926<br><br>**SUMMONS** |

THE STATE OF MONTANA TO THE ABOVE NAMED DEFENDANT, PATRICIA BIK, GREETINGS:

You are hereby Summoned to answer the Complaint in this action which is filed in the office of the Clerk of this Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the Plaintiff's attorney within twenty (20) days after the date of service of this Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Witness my hand and seal of said Court, this ___6___ day of October, 2009.

NANCY SWEENEY
CLERK OF COURT

BY: _____
Deputy Clerk

LINDA M. DEOLA
REYNOLDS, MOTL AND SHERWOOD, P.L.L.P.
401 North Last Chance Gulch
Helena, Montana 59601
(406) 442-3261 phone
(406) 443-7294 facsimile
ldeola@rmslaw.net
*Attorney for the Plaintiff*

| MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY ||
|---|---|
| BARBARA K. SWEHLA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MONTANA, DEPARTMENT OF LABOR AND INDUSTRY, PATRICIA BIK and MARGUERITE A. CONNOR, as individuals,<br><br>Defendants. | Cause No. ADV 2009-926<br><br>**SUMMONS** |

THE STATE OF MONTANA TO THE ABOVE NAMED DEFENDANT, MARGUERITE A. CONNOR, GREETINGS:

You are hereby Summoned to answer the Complaint in this action which is filed in the office of the Clerk of this Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the Plaintiff's attorney within twenty (20) days after the date of service of this Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Witness my hand and seal of said Court, this 6 day of October, 2009.

NANCY SWEENEY
CLERK OF COURT

BY: _____
Deputy Clerk

LINDA M. DEOLA
REYNOLDS, MOTL AND SHERWOOD, P.L.L.P.
401 North Last Chance Gulch
Helena, Montana 59601
(406) 442-3261 phone
(406) 443-7294 facsimile
ldeola@rmslaw.net
*Attorney for the Plaintiff*

Linda M. Deola
Reynolds, Motl and Sherwood
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261

*Attorney for Plaintiff*

MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

\* \* \* \* \* \* \* \*

| | |
|---|---|
| BARBARA K. SWEHLA, ) | Cause No. ADV 2009-926 |
| Plaintiff, ) | |
| v. ) | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT** |
| STATE OF MONTANA, DEPARTMENT OF LABOR AND INDUSTRY, PATRICIA BIK and MARGUERITE A. CONNOR, as individuals, ) | |
| Defendants. ) | |

\* \* \* \* \* \* \* \*

## NOTICE

TO:   Patricia Bik, through her attorney William A. Forsythe, 27 N. 27th St., Ste. 1900, P.O. Box 2559, Billings, MT 59103-2559.

The enclosed summons and complaint are served pursuant to Rule 4D(1)(b) of the Montana Rules of Civil Procedure.

You may complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days after the date it was mailed to you as shown below.

If you decide to complete and return this form, you must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return this form to the sender within 20 days after the date it was mailed to you as shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days after the date of signature which you place on the acknowledgment below. If you fail to answer the complaint within the foregoing 20 day period, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint will have been mailed on __October 20__, 2009.

REYNOLDS, MOTL & SHERWOOD, P.L.L.P.

_____
Signature

__10-20-09__
Date of Signature

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at 27 N. 27th St., Ste. 1900, P.O. Box 2559, Billings, MT 59103-2559.

_____
Signature

__Matt Brackman__
Print/Type Name

__attorney__
Relationship to Entity/
Authority to Receive Service of Process

__11/2/09__
Date of Signature

Page 2

Linda M. Deola
Reynolds, Motl and Sherwood
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261

*Attorney for Plaintiff*

MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

\* \* \* \* \* \* \* \*

| | |
|---|---|
| BARBARA K. SWEHLA,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF MONTANA, DEPARTMENT OF LABOR AND INDUSTRY, PATRICIA BIK and MARGUERITE A. CONNOR, as individuals,<br><br>    Defendants. | Cause No. ADV 2009-926<br><br>**NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT** |

\* \* \* \* \* \* \* \*

## NOTICE

TO: Marguerite A. Connor, through her attorney William A. Forsythe, 27 N. 27th St., Ste. 1900, P.O. Box 2559, Billings, MT 59103-2559.

  The enclosed summons and complaint are served pursuant to Rule 4D(1)(b) of the Montana Rules of Civil Procedure.

  You may complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days after the date it was mailed to you as shown below.

  If you decide to complete and return this form, you must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return this form to the sender within 20 days after the date it was mailed to you as shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days after the date of signature which you place on the acknowledgment below. If you fail to answer the complaint within the foregoing 20 day period, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint will have been mailed on ___October 20___, 2009.

REYNOLDS, MOTL & SHERWOOD, P.L.L.P.

___[signature]___
Signature

___10-20-09___
Date of Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at 27 N. 27th St., Ste. 1900, P.O. Box 2559, Billings, MT 59103-2559.

___[signature]___
Signature

___Matt Brackmann___
Print/Type Name

___Attorney___
Relationship to Entity/
Authority to Receive Service of Process

___11/2/09___
Date of Signature

Page 2